PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their vehicle was struck by a tree limb that fell while they were traveling northbound on County Route 7 in Wayne County. County Route 7 is a road maintained by respondent in Wayne County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 10:30 a.m. on August 10, 2002. On the morning in question, claimants were traveling northbound on County Route 7, also known as Buffalo Creek Road, in their 1995 Buiclc Park Avenue. County Route 7 is a two-lane road with a posted speed limit of fifty-five miles per hour. Claimant Harold Walters was driving down a slight hill at around thirty to thirty-five *192 miles per hour when a branch that had been hanging in the canopy of trees above the roadway fell and struckthe claimants’ car. Claimants previously had observed the branch hanging in the canopy of the tree for about three weeks. Claimant Lorraine Walters testified that on two occasions .prior to the incident she had made telephone calls to respondent to inform them of the potentially dangerous condition of the branch which was overhanging the road. Claimants’ vehicle sustained damage to the windshield and body of the car totaling $2,059.37.
The evidence adduced at hearing established that the respondent was aware of the branch hanging in the tree. Geoffrey Adkins, storekeeper for respondent in Wayne County, testified that respondent received two telephone calls about a downed tree and a branch overhanging the road. Mr. Adkins stated that crews for respondent made two or three attempts to find the tree and the branch, but that on none of those occasions were they able to locate the branch.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S .E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had constructive, if not actual, notice of the hazard presented by the tree limb in question and finds that claimants are entitled to an award for the damages to their vehicle. The claimants damages totaled $2,059.37. The windshield which needed to be replaced and inspected came to a total of $212.66. The remaining amount was an estimate for the damages done to the vehicle. Claimants have since traded the vehicle and testified that they did not know how much the trade in value was affected by the damages received from the incident. The Court will not speculate as to the value of claimants’ vehicle before or after the incident.
Accordingly, the Court makes an award to the claimants in the amount of $212.96 for the windshield which had to be replaced.
Award of $212.96.